LOLLEY, J.,
dissenting.
hi dissent from the ruling of the majority in this matter concerning prescription and the operative dates involved. I am of the opinion that the medical malpractice claim against defendant Dr. Ravish Pat-wardhan was timely filed.
The majority has ruled that the operative date for the running of prescription is January 14, 2009. This was the date of plaintiffs last personal professional appointment with the doctor who actually performed the surgery. On that date, after examination, the defendant referred Mr. Nichols to Dr. Brewer who administered a series of steroid injections to ease the pain Mr. Nichols was experiencing. These injections, by the referral of defendant continued until the series of shots were completed.
At all times outlined in these proceedings plaintiff was continuing to follow the recommendations, referrals and treatment routines and dates by other doctors made *328 by, and recommended by the doctor who performed the surgery, obviously still trusting his judgment in the continuing quest for relief. However, this did not happen.
During this period of non-relief from the spinal surgery performed by defendant doctor, plaintiff was unfortunately diagnosed with colon cancer. Surgery was performed upon him to hopefully correct this unfortunate situation.
Still realizing no relief from the prescribed shots, and having to have colon cancer surgery in the interim, Mr. Nichols consulted with Dr. Nanda. The date of this consultation was December 6, 2011. After examination Dr. |2Nanda advised him that the source of the continuing pain was that the doctor had performed the surgery at the wrong level of his spine and the only way to remedy the problem was to perform additional surgery to correct the problem. The date of this examination was December 6, 2011. The surgery was performed and apparently corrected the problem and pain being suffered by plaintiff.
I am of the opinion that the prescriptive period was tolled during the period plaintiff was following the advice and orders of the doctor who performed the surgery. It was entirely reasonable for him to do so. For better, but unfortunately sometimes for worse, we all tend to continue to rely upon the advice of our doctors even after things have gone terribly wrong. Based upon the presented oral arguments and review of this record I am of the opinion that the operative date for the running of the prescriptive period was December 6, 2011 when, after following Dr. Patwar-dhan’s advice, referrals and recommendations, he was first advised by Dr. Nanda that the surgery had been performed at the wrong level and the treatment regimen he was following, at the recommendation and advice of the original doctor was not helping in any manner whatsoever. The problem was corrected by receiving competent and correct medical treatment. I am of the opinion that the correct operative date for the prescriptive date(s) to begin running is December 6, 2011, and not the date targeted by the majority. Accordingly, I dissent.